**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| M. SCOTT HAYNES <br> 114 North Westmoor Avenue <br> Newark, Ohio 43055, <br><br> Plaintiff, <br><br> v. <br><br> THE KROGER CO. <br> 1701 Tamarack Road <br> Newark, Ohio 43055 <br><br> **Serve Also:** <br> The Kroger Co. <br> c/o Corporation Service Company <br> 50 West Broad Street <br> Suite 1330 <br> Columbus, Ohio 43215 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. <br><br> JUDGE: <br><br><br><br> **COMPLAINT FOR DAMAGES** <br> **AND INJUNCTIVE RELIEF** <br><br> **JURY DEMAND ENDORSED** <br> **HEREIN** |

Plaintiff, M. Scott Haynes, by and through undersigned counsel, as his Complaint against Defendant The Kroger Co. ("Kroger"), states and avers the following:

**PARTIES AND VENUE**

1. Haynes is a resident of the city of Newark, Licking County, Ohio.

2. At all times herein, Haynes was acting in the course and scope of his employment.

3. Kroger is a domestic corporation for profit that does business at 1701 Tamarack Road, Newark, Licking County, Ohio 43055 ("Tamarack Farms Location").

4. Kroger is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Haynes is alleging a Federal Law Claim under the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

6. All material events alleged in this Complaint occurred in Licking County, Ohio.

7. This Court has supplemental jurisdiction over Haynes's state law claims pursuant to 28 U.S.C. § 1367 as Haynes's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

9. Haynes is a former employee of Kroger.

10. On or about April 16, 2017, Haynes began working for Kroger.

11. Haynes worked at Kroger's location at 1701 Tamarack Road, Newark, Licking County, Ohio 43055 ("Tamarack Farms Location").

12. Kroger employed Haynes as a milk receiver.

13. At all times herein, Haynes was qualified for the position of milk receiver.

14. Kroger was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

15. At all times relevant herein, Haynes was employed by Kroger for at least 12 months and had at least 1,250 hours of service with Kroger and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

16. In or about August 2019, Haynes began to experience drastic weight loss.

17. In or about August 2019, Haynes began to have uncontrolled tremors.

18. In or about August 2019, Haynes began to experience sleep loss.

19. In or about August 2019, Haynes began to have blurry vision.

20. Hereinafter, Haynes's weight loss, tremors, sleep loss, and blurry vision are collectively called "Haynes's Symptoms."

21. In or about August 2019, Haynes notified Danny Brooks about Haynes's Symptoms.

22. Brooks was Haynes's supervisor.

23. Brooks worked at the Tamarack Farms Location.

24. In or about August 2019, Haynes notified Brooks that he needed a leave of absence.

25. Haynes's Symptoms were caused by depression and post-traumatic stress disorder.

26. Kroger has a policy allowing employees at the Tamarack Farms Location to apply for a leave of absence ("Leave of Absence Policy").

27. The Leave of Absence Policy allows employees to take a leave of absence of up to 26 weeks.

28. On or about September 13, 2019, Haynes applied for a leave of absence.

29. On or about September 13, 2019, Haynes notified Brooks that he needed a leave of absence.

30. On or about September 13, 2019, Haynes notified Brooks that he needed a leave of absence due to Haynes's Symptoms.

31. On or about September 13, 2019, Haynes notified Elisa Soll that he needed a leave of absence.

32. Soll is a senior human resources leader for Kroger.

33. On or about September 13, 2019, Haynes notified Soll about Haynes's Symptoms.

34. Haynes notified Brooks about Haynes's Symptoms by phone.

35. On or about September 13, 2019, Haynes notified Soll that he needed a leave of absence due to Haynes's Symptoms.

36. Haynes complied with the requirements in the Leave of Absence Policy.

37. As of September 13, 2019, Haynes had worked for Kroger for more than 12 months.

38. As of September 13, 2019, Haynes had more than 1,250 hours of service in the preceding 12 months.

39. As of September 13, 2019, Haynes was qualified for FMLA leave.

40. On or about September 13, 2019, Haynes applied for short-term disability leave ("STD").

41. On or about September 13, 2019, Haynes applied for FMLA leave.

42. Kroger approved Haynes's request for a leave of absence.

43. Kroger approved Haynes's request for STD.

44. Kroger approved Haynes's request for FMLA leave.

45. On or about September 16, 2019, Haynes's doctor sent a fax to Kroger, notifying Kroger that Haynes was under his care for Haynes's Symptoms.

46. On or about September 19, 2019, Haynes's doctor sent a fax to Kroger, notifying Kroger that Haynes was under his care for Haynes's Symptoms.

47. On or about November 20, 2019, Haynes's doctor sent a fax to Kroger, notifying Kroger that Haynes was under his care for Haynes's Symptoms.

48. Haynes's Symptoms constituted a physical and/or mental impairment.

49. Haynes's Symptoms significantly limited him in one or more major life activities, including working.

50. Because of Haynes's Symptoms, Haynes has a record of physical and/or mental impairment.

51. Brooks perceived Haynes as disabled.

52. Soll perceived Haynes as disabled.

53. Kroger perceived Haynes as disabled.

54. Haynes was disabled within the meaning of R.C. § 4112.01 *et seq.*

55. Haynes's Symptoms were a serious medical condition within the meaning of FMLA.

56. On or about December 1, 2019, Haynes spoke with Soll by phone ("December 1 Call").

57. In the December 1 Call, Haynes told Soll that his doctor was releasing him to return to work with restrictions ("Request for Accommodation").

58. Haynes made the Request for Accommodation because of his disability.

59. Kroger knew that Haynes made the Request for Accommodation because of his disability.

60. Kroger denied the Request for Accommodation.

61. Kroger did not allow Haynes to return with restrictions.

62. Kroger did not engage in the interactive process to determine whether there was a reasonable accommodation available for Haynes.

63. Kroger did not engage in the interactive process to determine whether Haynes needed an accommodation.

64. On or about December 6, 2019, Kroger terminated Haynes's employment ("Termination").

65. The Termination was an adverse employment action.

66. The Termination was an adverse employment action.

67. On or about December 6, 2019, Soll informed Haynes about the Termination by phone ("Termination Call").

68. In the Termination Call, Soll alleged that the reason for the Termination was that Haynes was unable to return to work without restrictions.

69. After the Termination Call, Kroger sent Haynes written notice of the Termination in a letter signed by Soll ("Termination Letter").

70. The Termination Letter did not state a reason for the Termination.

71. Kroger gave Haynes the Termination while he was out on leave.

72. Kroger violated the Leave of Absence Policy by terminating Haynes's employment while he was out on leave.

73. The Leave of Absence Policy states, "Failure of an associate to return to work after 26 weeks from any approved leave of absence will constitute a voluntary resignation and the associate will be terminated.  This does not apply to the situation in which the associate and the Company have agreed to a brief extension of the leave as a reasonable accommodation under the ADA."

74. Haynes was on leave for under 26 weeks.

75. Kroger violated the Leave of Absence Policy by terminating Haynes's employment after he was on leave for under 26 weeks.

76. Kroger has a progressive disciplinary policy ("Discipline Policy").

77. A verbal warning is the lowest level of discipline in the Discipline Policy.

78. Haynes did not receive a verbal warning before the Termination.

79. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

80. Haynes did not receive a written warning before the Termination.

81. A termination is the highest level of discipline in the Discipline Policy.

82. Kroger knowingly skipped progressive disciplinary steps in terminating Haynes.

83. Kroger knowingly terminated Haynes's employment.

84. Kroger knowingly took an adverse employment action against Haynes.

85. Kroger knowingly took an adverse action against Haynes.

86. Kroger intentionally skipped progressive disciplinary steps in terminating Haynes.

87. Kroger intentionally terminated Haynes's employment.

88. Kroger intentionally took an adverse employment action against Haynes.

89. Kroger intentionally took an adverse action against Haynes.

90. Kroger knew that skipping progressive disciplinary steps in terminating Haynes would cause Haynes harm, including economic harm.

91. Kroger knew that terminating Haynes would cause Haynes harm, including economic harm.

92. Kroger willfully skipped progressive disciplinary steps in terminating Haynes.

93. Kroger willfully terminated Haynes's employment.

94. Kroger willfully took an adverse employment action against Haynes.

95. Kroger willfully took an adverse action against Haynes.

96. On or about December 6, 2019, Kroger terminated Haynes's employment because of his disability.

97. On or about December 6, 2019, Kroger terminated Haynes's employment because of his perceived disability.

98. On or about December 6, 2019, Kroger terminated Haynes's employment in retaliation for his taking for FMLA leave.

99. As a direct and proximate result of Kroger's conduct, Haynes suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: RETALIATION IN VIOLATION OF FMLA

100. Haynes restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

101. During his employment, Haynes utilized FMLA leave.

102. After Haynes utilized his qualified FMLA leave, Kroger retaliated against him.

103. Kroger retaliated against Haynes by terminating his employment.

104. Kroger willfully retaliated against Haynes in violation of 29 U.S.C. § 2615(a).

105. As a direct and proximate result of Kroger's wrongful conduct, Haynes is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## **COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01** *et seq.*

106. Haynes restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

107. Kroger treated Haynes differently than other similarly-situated employees based on his disabling condition.

108. Kroger treated Haynes differently than other similarly-situated employees based on his perceived disabling condition.

109. On or about December 6, 2019, Kroger terminated Haynes's employment without just cause.

110. Kroger terminated Haynes's employment based on his disability.

111. Kroger terminated Haynes's employment based on his perceived disability.

112. Kroger violated R.C. § 4112.02 when it discharged Haynes based on his disability.

113. Kroger violated R.C. § 4112.02 when it discharged Haynes based on his perceived disability.

114. Kroger violated R.C. § 4112.02 by discriminating against Haynes based on his disabling condition.

115. Kroger violated R.C. § 4112.02 by discriminating against Haynes based on his perceived disabling condition.

116. Haynes informed Kroger of his disabling condition.

117. Haynes requested accommodations from Kroger to assist with his disabilities, including light duty.

118. Haynes's requested accommodations were reasonable.

119. There was an accommodation available that would have been effective and would have not posed an undue hardship to Kroger.
120. Kroger failed to engage in the interactive process of determining whether Haynes needed an accommodation.
121. Kroger failed to provide an accommodation.
122. Kroger violated R.C. § 4112.02 by failing to provide Haynes a reasonable accommodation.
123. As a direct and proximate result of Kroger's conduct, Haynes suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Haynes respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Kroger retroactively to restore Haynes to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Kroger of compensatory and monetary damages to compensate Haynes for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Kroger in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Haynes's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff M. Scott Haynes*

## JURY DEMAND

Plaintiff Haynes demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)